```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

WILLIAM BRANDON CUMMINGS : CIVIL ACTION
:
v. :
:
PATRICIA H. JENKINS, et al. : NO. 08-4220

## M E M O R A N D U M

FULLAM, J.                                    DECEMBER 9, 2008

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against a Judge of the Delaware County Court of Common Pleas, the Delaware County District Attorney and two assistant district attorneys, and a criminal investigator for the Upper Darby Police Department. He is alleging that he is the victim of an unconstitutional conviction. He is seeking money damages and injunctive relief.

Pursuant to 28 U.S.C. § 1915, when a civil action is filed in forma pauperis, the Court shall dismiss the action if the case is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). For the following reasons, this civil action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978). Nothing in this complaint suggests that Judge Patricia H. Jenkins was acting outside of her judicial capacity in connection with plaintiff's criminal case.

The Supreme Court has held that prosecutors enjoy absolute immunity from liability for money damages under § 1983 for any

ENTERED
DEC 0 9 2008
CLERK OF COURT

actions taken within the scope of their duties as prosecutors. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). There is nothing in this complaint that suggests that District Attorney George M. Green, Assistant District Attorneys Stephanie Willis and William Toal acted outside the scope of their prosecutorial duties.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnotes omitted). Since plaintiff has not demonstrated that his conviction or sentence has been invalidated, his claim for damages must be dismissed without prejudice. See Shelton v. Macey, 883 F. Supp. 1047, 1050 (E.D. Pa. 1995) (determining that Heck mandates a dismissal of plaintiff's claim without prejudice to renew if and when his state court conviction is legally invalidated).

Finally, plaintiff is requesting "an emergency injunction in the form of release". Such a request may only be brought in a petition for a writ of habeas corpus, not a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973).

Plaintiff has advanced an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Accordingly, dismissal of this complaint as frivolous pursuant to

28 U.S.C. § 1915(e)(2)(B)(i) is appropriate.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM BRANDON CUMMINGS : CIVIL ACTION
: 
v. :
:
PATRICIA H. JENKINS, et al. : NO. 08-4220

O R D E R

AND NOW, this 9th day of December, 2008, IT IS ORDERED that:

1. Leave to proceed in forma pauperis is GRANTED.

2. This action is **DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for the reasons stated in the accompanying memorandum filed this day.

AND IT IS SO ORDERED.

BY THE COURT:

John P. Fullam
JOHN P. FULLAM, J.